# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Marcus Timothy Simmons, ) | |
| ) | |
| Petitioner, ) | Civil Action No.: 5:18-cv-01665-JMC |
| ) | |
| v. ) | |
| ) | |
| Hector Joyner, ) | **ORDER** |
| ) | |
| Respondent. ) | |

Before the court for review is the Magistrate Judge's Report and Recommendation ("Report") filed on April 8, 2019 (ECF No. 29). The court **ACCEPTS** the Magistrate Judge's Report and incorporates it herein by reference. For the reasons set out in the Report, the court **GRANTS** Respondent Hector Joyner's Motion to Dismiss (ECF No. 21) and **DISMISSES** *without prejudice* Petitioner Marcus Timothy Simmons' Petition for Writ of Habeas Corpus (ECF No. 1) for lack of jurisdiction.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (ECF No. 29 at 1–4.) As brief background, on June 18, 2018, Petitioner, proceeding pro se, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, arguing that his prior Tennessee state conviction no longer qualifies as a predicate offense for the career-offender sentencing enhancement under the United States Sentencing Guidelines. (ECF No. 1 at 8.) On September 12, 2018, Respondent filed a Motion to Dismiss for lack of jurisdiction.

(ECF No. 21.) On September 17, 2018, the Magistrate Judge entered a *Roseboro*[1] order, advising Petitioner of the motion to dismiss procedures and the consequences of failing to adequately respond. (ECF No. 22.) On September 27, 2018, Petitioner filed a Response to Respondent's Motion. (ECF No. 24.)

On April 8, 2019, the Magistrate Judge entered her Report. (ECF No. 29.) The Report recommends granting Respondent's Motion (ECF No. 21) and dismissing Petitioner's Habeas Petition (ECF No. 1) because

> the [United States Court of Appeals for] the Sixth Circuit has found that a conviction for aggravated reckless assault under the Tennessee statute at issue qualifies as a crime of violence under the Federal Sentencing Guidelines[.] [Therefore,] the undersigned finds Petitioner cannot show that his sentence presents an error sufficiently grave to be deemed a fundamental defect. Because Petitioner has not shown that § 2255 is inadequate or ineffective to test the legality of his sentence, the court does not have jurisdiction to address his claims.

(*Id.* at 7–8.)

## II. STANDARD OF REVIEW

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District Court of South Carolina. The Magistrate Judge only makes a recommendation to this court; the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This court engages in a de novo review of those portions of the Report and Recommendation to which the parties have made specific objections. *See* 28 U.S.C. § 636(b)(1). *See also* Fed. R. Civ. P. 72(b)(3). The court may accept, reject or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

---

[1] In *Roseboro v. Garrison*, the United States Court of Appeals for the Fourth Circuit held that district courts are required to provide pro se litigants with an explanation of summary judgment procedures. 528 F.2d 309, 310 (4th Cir. 1975).

## III. DISCUSSION

On April 8, 2019, as part of the Report, the Magistrate Judge notified the parties of their right to file objections by April 22, 2019. (ECF No. 29 at 9.) Neither of the parties filed any objections to the Report by this date. In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendations without modification. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Absent objections, the court must only ensure that there is no clear error on the face of the record in order to accept the recommendations. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). If a party fails to file specific, written objections to the Report, the party forfeits the right to appeal the court's decision concerning the Report. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Accordingly, since none of the parties filed any objections to the Report, and the court observes no clear error on the face of the record, the court accepts the Magistrate Judge's Report. *See Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 199.

## IV. CONCLUSION

After a thorough and careful review of the record, the court finds the Magistrate Judge's Report and Recommendation provides an accurate summary of the facts and law in this case. Accordingly, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 29) and incorporates it herein by reference. For the reasons set out in the Report, the court **GRANTS** Respondent Hector Joyner's Motion to Dismiss (ECF No. 21) and **DISMISSES** *without prejudice* Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) for lack of jurisdiction.

**IT IS SO ORDERED.**

_J. Michelle Childs_
United States District Judge

May 13, 2019
Columbia, South Carolina